The issue tendered by the petition and answer in this case is the right, as against the exemption laws of the state, of an ordinary judgment creditor to seize and have sold in satisfaction of the judgment a tenant's undivided three-fourths interest in a crop of corn, ungathered at the time of seizure.
The judgment debtor, Henry Bordelon, Jr., procured the issuance of a temporary restraining order against plaintiff and the sheriff, and a rule to show cause why injunction should not issue to arrest the sale of the seized corn. In the application for this relief, the defendant based his right thereto upon the exemption laws of the state. He alleged that the corn was not subject to seizure and sale under the judgment but was exempt therefrom under Articles 644 and 645 of the Code of Practice and Section 1 of Article XI of the Constitution.
Plaintiff, defendant in writ, contends that the invoked exemption laws are not applicable to the facts of this case because of the undivided ownership of defendant in the corn.
The court, on proper motion, dissolved the temporary restraining order, with damages, dismissed the application therefor, and, of course, sustained the position of defendant in writ. Plaintiff in writ appealed.
In this court the appellee filed and urges exceptions of no cause of action and no right of action. These exceptions are based upon the absence from appellant's application for the temporary restraining order, etc., allegation that the appellant was the head of a family or had a person or persons dependent upon him for support.
Article XI, Section 1 of the Constitution exempts from seizure and sale, with the limitations therein stated, the homestead of not over one hundred sixty (160) acres of "every head of a family, or person having a mother or father or a person or persons dependent on him or her for support", and, in addition, certain enumerated personal property; and also there is exempt thereunder from seizure and sale "on a farm, the necessary quantity of corn and fodder, hay and potatoes, for the current year, * * * to the total value of not more than four thousand dollars ($4,000.00)".
Article 644 of the Code of Practice has no application to the facts of this case. The language of Article 645 of the Code of Practice is very much like that of Section 1 of Article No. XI of the Constitution. Any difference therein, so far as concerns this case, is unimportant.
Under these unambiguous laws it is clear that one who seeks to prohibit the forced sale of his property for debt asserted by him to be exempt from seizure and sale, must clearly qualify as being entitled to the exemption and the qualifications must be alleged in the petition for injunction in order to fully provide the seizing creditor with the facts and information upon which the debtor relies to have the property declared exempt, and to admit the necessary proof.
The petition to restrain the seizure and sale herein does not qualify the debtor as being entitled to stop the sale of his property under either the Constitution or Article 645 of the Code of Practice. He does not allege that he is the head of a family, or has a wife, mother or father or other person or persons dependent upon him for support. Nor is it alleged that the claimant's other property, exempt from seizure and sale for ordinary debt has a value less than $4,000. The Constitution and the Code of Practice make it quite clear that when exempted property to said value is set apart to the claimant, the remainder may be sold to pay his ordinary debts.
No testimony whatever was offered or adduced to supply the facts and information against which the exceptions are directed.
The petition herein is vulnerable to the exception of no cause of action which was appropriately filed in this court. *Page 818 
It is not so affected by the exception of no right of action. Therefore, for the reasons herein assigned, the judgment from which appealed is annulled and set aside. The exception of no right of action is overruled, the exception of no cause of action is sustained and this suit is dismissed as of non-suit at appellant's cost.